IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| ALICIA DAVENPORT, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action File No. |
| CITY OF COLUMBUS, GEORGIA, | * | |
| CHIEF R. T. BOREN, individually and in his official capacity, CAPT. J.D. HAWK, | * | |
| individually and in his official capacity, SENIOR AGENT RODNEY SPEARS, | * | |
| individually and in his official capacity, SGT. DEAN WALTON, individually and in | * | |
| his official capacity, SGT. DAVID HORIUCHI, individually and in his official | * | |
| capacity, CAPT. MAXWELL (M.C.) TODD, individually and in his official capacity, | * | |
| MAJOR STAN SWINEY, individually and in his official capacity, MAYOR ROBERT S. | * | |
| POYDASHEFF, individually and in his official capacity, CITY MANAGER ISAIAH | * | |
| HUGLEY, individually and in his official capacity, and H.R. DIRECTOR THOMAS E. | * | |
| BARRON, individually and in his official capacity, | * | |
| Defendants. | * | |

## COMPLAINT

COMES NOW Plaintiff, by and through counsel, and respectfully alleges as follows:

NATURE OF CLAIM

1.

This action for injunctive relief and monetary damages for sex discrimination in employment, race discrimination in employment, and for retaliation is brought pursuant to Civil Rights Act of 1866,

1

42 U.S.C. § 1981 (hereinafter referred to as § 1981), Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended in 1972 and 1991 (hereinafter "Title VII"), and Title I of the Civil Rights Act of 1991.

2.

This action also seeks damages for pendent state tort claims of Negligent Retention and Supervision, Intentional Infliction of Emotional Distress, Punitive Damages, and Attorney's Fees.

## JURISDICTION AND VENUE

3.

Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1343(3) and 1343(4) which confers original jurisdiction upon this Court of any civil action to recover damages, or to secure equitable relief under any Act of Congress providing for the protection of civil rights under the Declaratory Judgment Statute, 22 U.S.C. § 2201, 42 U.S. C. § 1981, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq., (as amended 1972 and 1991). Supplemental jurisdiction of the pendent state tort claims is invoked pursuant to 28 U.S.C. § 1367.

4.

All violations of Plaintiffs' rights as alleged below were committed in Columbus, Muscogee County, Georgia, within the Middle District of Georgia.

## NATURE OF THIS ACTION

5.

This is a proceeding for declaratory judgment as to Plaintiff's rights, for a permanent injunction restraining Defendant from maintaining a policy and practice of discrimination against Plaintiff and other employees who are similarly situated, on the basis of race and sex, and from retaliating against

2

Plaintiff and other employees who are similarly situated who have opposed Defendant's pattern and practice of race and sex discrimination and retaliation in the workplace in violation of 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq., as amended in 1972 and 1991 (hereinafter "Title VII"), and Title I of the Civil Rights Act of 1991.

6.

This action also seeks restitution to Plaintiff of all her rights, privileges, benefits, and income that she would have received but for Defendants' acts that were unlawful and discriminatory in nature.

7.

This action further seeks compensatory and punitive damages against Defendants, jointly and severally, under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, as amended in 1972 and 1991. This action also seeks compensatory and punitive damages against Defendants, jointly and severally, for Plaintiff's pendent state tort claims, as outlined herein.

## ADMINISTRATIVE PROCEDURE

8.

Plaintiff filed a charge of race discrimination, sex discrimination, and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of the acts of which Plaintiff complains. On October 7, 2006, Plaintiff received her Notice of Right to Sue from the Atlanta District Office of EEOC, and this civil action is instituted in the appropriate federal district court within ninety (90) days of her receipt of said Notice.

9.

Plaintiff has also filed a second charge of discrimination and retaliation with the Equal Employment Opportunity Commission (EEOC) within 180 days of the occurrence of discriminatory acts

by Defendants which have occurred subsequent to her first charge of discrimination filed with the EEOC. Plaintiff further shows that once she receives her Notice of Right to Sue from the EEOC regarding her second charge of discrimination and retaliation, she will amend this complaint to perfect all administrative prerequisites regarding her second charge of discrimination and retaliation against Defendants.

10.

Plaintiff has complied with, satisfied, and completely met all conditions precedent, has exhausted all her administrative remedies, and has met all prerequisites necessary to filing suit herein regarding her Title VII claims.

PARTIES

11.

Plaintiff is a black female resident of Columbus, Muscogee County, Georgia, and she submits herself to the jurisdiction of this Court upon the filing of this action.

12.

Defendant City of Columbus, Georgia is a municipality, i.e. a consolidated governmental entity and municipal corporation sited in Muscogee County, Georgia, organized under the laws of the State of Georgia, and has employed more than fifteen (15) persons for each working day in each of 20 calendar weeks in the current or preceding calendar year. It is responsible for the policies, procedures, and practices implemented through its various agencies, agents, departments, and employees, and for injury occasioned thereby. It was also the public employer of Plaintiff and of all other Defendants named herein at all times material hereto. Defendant City of Columbus, Georgia may be served

4

process through Mayor Robert S. Poydasheff, Columbus Consolidated Government Center, Columbus, Georgia.

13.

Defendant R. T. Boren is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Boren was the Chief of Police of the Columbus Police Department and was Plaintiff's supervisor at all times material hereto. He is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices for the Columbus Police Department of the City of Columbus, Georgia. Plaintiff sues Defendant Boren individually and in his official capacity.

14.

Defendant J.D. Hawk is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Hawk was a Captain in the Vice/Narcotics Division and was Plaintiff's supervisor at all times material hereto. Plaintiff sues Defendant Hawk individually and in his official capacity.

15.

Defendant Rodney Spears is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of

the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Spears was a Senior Agent in the Vice/Narcotics Division and was in a position over Plaintiff with the authority to direct Plaintiff's work assignments and duties at all times material hereto. Plaintiff sues Defendant Spears individually and in his official capacity.

16.

Defendant Dean Walton is a natural person and a black male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Walton was a Sergeant in the Vice/Narcotics Division and was Plaintiff's immediate supervisor at all times material hereto. Plaintiff sues Defendant Walton individually and in his official capacity.

17.

Defendant David Horiuchi is a natural person and a white/Asian male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Horiuchi was initially a Senior Agent and then became a Sergeant in the Vice/Narcotics Division and had the authority to direct Plaintiff's work assignments and duties and/or was Plaintiff's supervisor at all times material hereto. Plaintiff sues Defendant Horiuchi individually and in his official capacity.

18.

Defendant Maxwell ("M.C.") Todd is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or

agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Todd was a Captain in Desk Services and was Plaintiff's supervisor at all times material hereto. Plaintiff sues Defendant Todd individually and in his official capacity.

19.

Defendant Stan Swiney is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus Police Department, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Swiney was a Major in Desk Services and was Plaintiff's supervisor at all times material hereto. Plaintiff sues Defendant Swiney individually and in his official capacity.

20.

Defendant Robert S. Poydasheff is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Poydasheff was the Mayor of Columbus, Georgia at all times material hereto and is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices in Columbus, Georgia. Plaintiff sues Defendant Poydasheff individually and in his official capacity.

21.

Defendant Isaiah Hugley is a natural person and a black male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus, and is a person whose conduct proximately and directly harmed Plaintiff.

7

Defendant Hugley was the City Manager of Columbus, Georgia at all times material hereto and is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices in Columbus, Georgia. Plaintiff sues Defendant Hugley individually and in his official capacity.

22.

Defendant Thomas E. Barron is a natural person and a white male, is a resident of Columbus, Muscogee County, Georgia, is or was at all times material hereto an employee, officer or agent of the City of Columbus, and is a person whose conduct proximately and directly harmed Plaintiff. Defendant Barron was the Director of Human Resources for the City of Columbus, Georgia at all times material hereto and is and has been responsible for the promulgation and implementation of employment policies, procedures, and practices in Columbus, Georgia. Plaintiff sues Defendant Barron individually and in his official capacity.

23.

At all times material hereto Defendants acted toward Plaintiff individually and under color of the statutes, ordinances, customs, and usage of the State of Georgia and the City of Columbus, Georgia.

FACTS

24.

Plaintiff was employed as a Police Officer by Defendant Columbus, Georgia's Police Department on or about January 5, 2004. In approximately July 2004, at the beginning of her Field Training in the Patrol Division, Defendant Hawk informed Plaintiff that she would temporarily be assigned to the Vice/Narcotics Division. Plaintiff was told that her assignment would be kept at the

highest level of secrecy, even from other patrol officers, since she would be working undercover.

25.

From approximately July 2004 through December 2005, Plaintiff worked as an undercover officer under the direct supervision of Defendant Walton, as well as under the direction and/or supervision of Defendants Spears, Horiuchi, Hawk, and Chief of Police Boren, to whom Walton, Spears, Horiuchi, and Hawk reported.

26.

Shortly after beginning her work as an undercover officer, a fellow patrol officer told Plaintiff that Defendant Horiuchi had revealed to her that Plaintiff was assigned to working undercover in Vice/Narcotics. Plaintiff complained to both Defendants Walton and Horiuchi about this breach of her confidentiality, but Walton refused to do anything about the breach.

27.

Shortly after she complained about Defendant Horiuchi breaking her cover to a patrol officer, Defendant Walton assigned Plaintiff to work with Defendants Horiuchi and Spears during undercover operations. Only in the first couple of weeks did Horiuchi and Spears remain outside as a cover team while Plaintiff, as instructed by Horiuchi and Spears, went into clubs and pool halls known for violence and drug activities, in order to arrange drug buys.

28.

Throughout the rest of 2004 and all of 2005, Horiuchi and Spears directed Plaintiff to go to these places alone and to call them after she met someone to make a buy, and Horiuchi and Spears refused to provide back-up cover for her. Defendants Horiuchi and Spears also repeatedly demanded that Plaintiff use her own money to pay cover charges for the clubs, to buy drinks, to

9

make drug buys, and to pay for gas for her car for doing undercover work, despite Plaintiff's repeated complaints about having to spend her own money rather than being provided with money from the department. Plaintiff repeatedly complained to Defendant Walton about Horiuchi and Spears refusing to cover her during her work, which placed her in great danger of serious bodily harm, and for making her use her own money for the undercover work, all of which was in violation of Narcotics Task Force Policies. Walton refused to do anything to stop this unfair treatment of Plaintiff.

29.

Throughout the time that Plaintiff was working undercover under the supervision of Walton, Spears, and Horiuchi, Plaintiff was repeatedly, on an ongoing basis, subjected to explicit offensive, graphic, sexual comments and behavior from Walton, Spears, and Horiuchi, which created a sexually offensive and hostile work environment for Plaintiff. This offensive conduct included, but was not limited to, Horiuchi and Spears making sexually offensive comments directly to Plaintiff as well as making sexually offensive comments in Plaintiff's presence. Additionally, Plaintiff's immediate supervisor, Defendant Walton, repeatedly made sexually offensive comments to Plaintiff, attempted on several occasions to solicit sexual favors from Plaintiff, and attempted to engage in a sexual affair with Plaintiff. At all times, Plaintiff objected to all such sexually offensive comments and conduct by Defendants Walton, Spears, and Horiuchi, and clearly indicated to all three that their misconduct was unwanted and was offensive to her.

30.

In approximately early December 2005, Plaintiff was told by Defendants Hawk, Horiuchi, and Walton that she was going to be staying permanently in Vice/Narcotics because of

the good job she was doing, and that she would be given keys and would be given her own outfit for the Unit.

31.

On approximately December 30, 2005, Plaintiff complained to her supervisors, Defendants Walton, Spears, and Horiuchi, about not being given the same back-up protection that was given to similarly situated white female undercover operatives. Defendant Spears reacted with demeaning sarcastic comments, and Defendants Walton and Horiuchi reacted angrily and raised their voices at Plaintiff. Horiuchi then ordered Plaintiff off the detail for that night and, in front of her coworkers, Walton told her that she would be reassigned the next Monday to patrol.

32.

When Plaintiff came into work the next Tuesday, on approximately January 3, 2006, Plaintiff turned in her January 2, 2006 typewritten grievance of race and sex discrimination to Defendant Hawk, who immediately reacted angrily to Plaintiff's complaints.

33.

Immediately after Plaintiff submitted her typewritten grievance to Hawk, Defendant Boren punitively transferred Plaintiff, in retaliation for her complaints, from the Vice/Narcotics Division back to the Patrol Division, which offered less opportunity for promotion and advancement than if she had remained in Vice/Narcotics.

34.

On approximately January 30, 2006, Plaintiff filed her first charge of discrimination with the Equal Employment Opportunity Commission (EEOC) in which Plaintiff complained not only about the discriminatory treatment she had suffered but also about the Defendants' pattern and practice of

discriminating against both black employees and female employees. After Plaintiff filed her internal grievance with the Columbus Police Department and her EEOC charge, Defendants continued to retaliate against Plaintiff for her complaints of race and sex discrimination and retaliation.

35.

In approximately early February 2006, Plaintiff was again transferred from the Patrol Division to Desk Services, ostensibly because of Plaintiff's pregnancy, although Plaintiff was still capable of performing her duties in Patrol. While working in Desk Services, Plaintiff was supervised by Defendants Todd and Swiney, who repeatedly subjected Plaintiff to a hostile work environment in retaliation for her previous complaints of discrimination, including refusing to address Plaintiff's complaints of ongoing hostile treatment, placing Plaintiff under heightened scrutiny and surveillance, issuing false discipline to her, and, ultimately, punitively transferring her from Desk Services to Property and Evidence. Plaintiff continued to voice her complaints, both verbally and in writing, about Defendants' ongoing discriminatory, hostile, and retaliatory treatment of her.

36.

In approximately late August/early September, 2006, when Plaintiff was scheduled to return from her maternity leave, Plaintiff transferred out of the Columbus Police Department in order to escape the hostile environment and the expected continued retaliation she had already experienced before going on maternity leave, and assumed a position as a Deputy Marshal in the Muscogee County Marshal's Office. Defendants were displeased, however, that Plaintiff transferred without signing a complete release of all claims that she had pending at that time against Defendants.

37.

On approximately September 19, 2006, Defendants again retaliated against Plaintiff by issuing her a Letter of Counseling, which was included in Defendant Boren's official response to Plaintiff's January 3, 2006 grievance. Defendants knowingly issued this false reprimand to Plaintiff which was based upon false information supplied by Defendants Spear, Walton, and Horiuchi, Plaintiff's former supervisors about whom she had complained. Plaintiff responded in writing to the false Letter of Counseling, complaining about this additional act of retaliation against her.

38.

Subsequent to Plaintiff's transfer to the Marshal's Office and Plaintiff's complaint about the retaliatory Letter of Counseling, Defendants intensified their heightened scrutiny and surveillance of, and retaliation against, Plaintiff. On approximately October 11, 2006, Defendants again retaliated against Plaintiff by falsely accusing her of behaving inappropriately at the Columbus Police Department regarding another intentional breach by Defendants of Plaintiff's confidential identity as an undercover informant. Additionally, continuing through at least October 18, 2006, Defendants continued to retaliate against Plaintiff by subjecting her to unreasonable and unwarranted scrutiny and surveillance in her work, including falsely accusing her of inappropriate conduct while on City time.

39.

Defendants have in the past, and continuing into the present, knowingly condoned and refused to appropriately address and/or remedy the longstanding pattern and practice of discriminating against, and retaliating against, black employees and female employees of the

Columbus Police Department, including but not limited to the Plaintiff. Defendants' actions, jointly and severally, have caused Plaintiff to suffer tremendous emotional harm as well as economic damages, for which she is entitled to recover.

### COUNT ONE: VIOLATION OF 42 U.S.C. § 2000e ET SEQ. (TITLE VII)

40.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

41.

The effect of Defendants' above-stated actions and inaction has been to deprive Plaintiff and other similarly situated employees of equal employment opportunities, income in the form of wages, prospective retirement benefits, social security, and other benefits due them as workers solely because of sex and race. Plaintiff and other similarly situated employees have suffered, are now suffering, and will continue to suffer irreparable injury from Defendants' policies and practices as set forth in this Complaint.

42.

As a direct and proximate result of Defendants' actions, or inaction, as described herein, Plaintiff was subjected to discrimination based on sex and race. As a direct and proximate result of Defendants' actions, or inactions, as described herein, Plaintiff suffered retaliation for having complained about and having opposed the unlawful actions of Defendants.

43.

In regard to Count I of this Complaint (Violation of 42 U.S.C. 2000e et seq.), Defendants have acted intentionally, willfully, arbitrarily and capriciously, and in bad faith.

14

44.

Plaintiff is entitled to equitable and monetary relief for Defendants' violations of Title VII of the Civil Rights Act of 1964, as amended.

## COUNT TWO: RACE DISCRIMINATION UNDER 42 U.S.C. § 1981

45.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

46.

The employment relationship between Plaintiff and the Defendant City of Columbus is a contract within the meaning of 42 U.S.C. § 1981 which gives rise to a cause of action where racial discrimination is alleged to be the causative agent of adverse employment action.

47.

Defendants' actions against the Plaintiff were discriminatory based on her race and therefore violate her rights under 42 U.S.C. § 1981, thus entitling her to all appropriate relief provided under the statute.

## COUNT THREE: NEGLIGENT RETENTION AND SUPERVISION

48.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

49.

Defendant breached its duty to Plaintiff to provide a work environment free from sex and race discrimination and unlawful retaliation. In this regard, Defendant acted with gross negligence toward Plaintiff and with reckless disregard for her safety and wellbeing.

50.

Defendant had actual knowledge, or in the exercise of ordinary care should have known, of its supervisory employees' reputation and propensity for discrimination toward black female employees and retaliation against said employees who oppose Defendant's unlawful practices.

51.

Based on Defendant's knowledge of its supervisory employees' reputation for improper discriminatory conduct, it was foreseeable that Defendant's supervisory employees would engage in future discrimination of and retaliation against Plaintiff.

52.

Notwithstanding Defendant's knowledge of its supervisory employees' unlawful conduct, Defendant took no action to effectively and adequately discipline and supervise its supervisory employees for such conduct. Such acts on behalf of Defendant constitute negligent retention and supervision of its supervisory employees.

53.

As a result of Defendant's misconduct, Plaintiffs suffered fright, shame, humiliation, embarrassment, anger, and worry such that no reasonable person should be expected to endure.

COUNT FOUR: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

55.

The foregoing malicious and willful acts of Defendants, jointly and severally, against Plaintiff

were intended to and did inflict severe mental and emotional distress upon her, and were thus tortious under the laws of the State of Georgia.

56.

Said malicious, willful, and outrageous tortious acts of Defendants, jointly and severally, embarrassed, humiliated, shocked, and tormented Plaintiff, and caused her to suffer grievous emotional, mental, and psychological harm.

57.

At all times relevant to this action, Defendants acted intentionally, willfully, wantonly, and recklessly toward Plaintiff.

COUNT FIVE: PUNITIVE DAMAGES

58.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

59.

All of the Defendants' actions described herein, jointly and severally, with regard to Plaintiff show a willful misconduct, malice, wantonness, oppression and an entire want of care, and said Defendants were consciously indifferent to the consequences of their actions and acted with total disregard and compassion for Plaintiff's peace, happiness and/or feelings, thereby causing Plaintiff to suffer severe emotional and mental trauma.

60.

All of the Defendants' actions described herein, jointly and severally, with regard to Plaintiff grant Plaintiff the right to recover punitive damages in an amount to be decided upon by the enlightened

consciences of impartial jurors in an attempt to deter the wrongdoers from committing such actions in the future.

### COUNT SIX: ATTORNEY'S FEES AND EXPENSES OF LITIGATION

61.

Plaintiff realleges and incorporates herein all preceding paragraphs of this Complaint.

62.

Plaintiff is entitled to her attorney's fees and expenses of litigation on each and every cause of action based upon state tort claims alleged herein, pursuant to O.C.G.A. § 13-6-11, because Defendants, jointly and severally, have acted in bad faith and have caused Plaintiff unnecessary trouble and expense.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court advance this case on the docket, order a speedy hearing at the earliest practicable date, cause this action to be expedited, and upon such hearing to:

1. Issue a declaratory judgment that Defendants' acts, policies, and procedures violated Plaintiff's rights as secured under 42 U.S.C. § 1981, and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as amended 1972 and 1991), the Civil Rights Act of 1991;

2. Permanently enjoin Defendants, their officers, agents, successors, employees, attorneys, and those acting in concert with them, from engaging in any employment policy or practice which discriminates against any employee or applicant for employment on the basis of gender or race, or which discriminates against employees because they complain about and oppose Defendant's unlawful and discriminatory employment practices;

3. Grant to Plaintiff judgment against Defendants pursuant to 42 U.S.C. § 1981 and to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as amended 1972 and 1991), the Civil Rights Act of 1991, and pursuant to the laws of the State of Georgia, for compensatory damages in an amount reasonable and commensurate with the pain and emotional distress imposed upon her by Defendants' discriminatory and tortious acts, including but not limited to damages for medical care, treatment, and incidental expenses, damages for pain and suffering, for emotional distress, for lost wages and benefits, and for reduced earning capacity;

4. Grant to Plaintiff judgment against Defendants pursuant to 42 U.S.C. § 1981 and to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (as amended 1972 and 1991), the Civil Rights Act of 1991, and pursuant to the laws of the State of Georgia, for punitive damages in an amount reasonable and commensurate with the harm done and calculated to be sufficient to deter such conduct in the future;

5. Grant to Plaintiff a jury trial on all issues so triable;

6. Award Plaintiff the costs of this action together with reasonable attorneys' fees and expenses of litigation as provided by § 706 (k) of Title VII and 42 U.S.C. § 1981, and by O.C.G.A. § 13-6-11; and

7. Grant such additional relief as this Court deems proper and just.

Respectfully submitted, this 29th day of December, 2006.

                                        Respectfully submitted,

                                        s/ Gwyn P. Newsom
                                        Law Office of Gwyn P. Newsom, LLC
                                        Georgia Bar No. 541450
                                        Attorney for Plaintiff

P.O. Box 629
Columbus, GA 31902-0629
(706) 324-4900
gnewsomlaw@aol.com

                s/ Richard A. Bunn
                Richard A. Bunn, LLC
                Georgia Bar No. 094650

P.O. Box 489
Hamilton, GA 31811
(706) 628-5511
rabunlaw@aol.com