```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE MIDDLE DISTRICT OF GEORGIA
                       COLUMBUS DIVISION
```

| | |
|---|---|
| ALICIA DAVENPORT, | * |
| Plaintiff, | * |
| vs., | *   CASE NO. 4:06-CV-150 (CDL) |
| CITY OF COLUMBUS, GEORGIA, *et al.*, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

Presently pending before the Court is Plaintiff's Motion for a New Trial on the Issue of Damages (Doc. 168). As discussed below, the motion is denied.

The Court held a jury trial on Plaintiff's discrimination and retaliation claims. The jury found that the Columbus Consolidated Government and Defendants Walton, Horiuchi and Spear intentionally discriminated against Plaintiff based upon her gender. (Jury Verdict ¶¶ B, D, F, Sept. 25, 2008.) The jury also found that Plaintiff suffered an adverse employment action as a result of the gender discrimination and that she suffered compensatory damages in the amount of $5,000.00. (*Id.* ¶¶ G-H.) The jury further found that punitive damages should not be assessed against any of the individual Defendants. (*Id.* ¶¶ I-K.)

Plaintiff argues that the jury's failure to award punitive damages against the individual Defendants "is unconscionable, shocks the conscience and is unsupported by the evidence." (Pl.'s Mot. for

New Trial ¶ 4.)  Plaintiff also contends that the jury's assessment of "only $5,000 . . . to compensate Plaintiff for the Defendants' intentional gender discrimination . . . is unconscionable, shocks the conscience, and is unsupported by the evidence." (Pl.'s Mot. for New Trial ¶ 5.)  For these reasons, Plaintiff seeks a new trial on the issue of damages.  In the alternative, she seeks additur of her damages, increasing the amount of compensatory damages and assessing punitive damages against the individual Defendants.

A district court in its discretion may set aside an inadequate jury verdict and order a new trial. *Millennium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1303-04 (11th Cir. 2007). (finding no abuse of discretion in granting new trial where jury awarded damages significantly less than the amounts stipulated to by the parties).  As discussed below, the Court declines to set aside the jury verdict here.

On the issue of punitive damages, the jury concluded that each individual Defendant intentionally discriminated against Plaintiff because of her gender but that punitive damages should not be assessed against any Defendant.  The Court instructed the jury on punitive damages as follows:

> If you find for the Plaintiff, and if you further find that an individual Defendant did act with malice, or reckless indifference to the Plaintiff's federally protected rights, the law would allow you, in your discretion, to assess punitive damages against the individual Defendant as punishment and as a deterrent to others.

2

(Jury Charge No. 9.)  Plaintiff now appears to argue for the first time that this instruction was incorrect and that a finding of intentional discrimination should have resulted in an automatic award of punitive damages against the individual Defendants.  This is not, however, the law.  The jury's finding that punitive damages should not be assessed against the individual Defendants is not inherently inconsistent with its finding that the individual Defendants intentionally discriminated against Plaintiff because of her gender.  The Court therefore declines to disturb the jury's verdict.

On the issue of compensatory damages, Plaintiff contends that the jury's damages award is inadequate because nearly half of the award was "ostensibly for [Plaintiff's] out-of-pocket expenses" and thus the jury awarded Plaintiff a "paltry amount" as compensatory damages for Defendants' intentional discrimination. Plaintiff argues that the evidence showed that Defendants discriminated against Plaintiff during her undercover assignment "by sending her out repeatedly . . . into dangerous, drug-infested, violence-prone nightclubs without any cover."  (Pl.'s Mot. for New Trial ¶ 5.)  The Court notes that Defendants presented evidence which, if believed, tended to show that Plaintiff generally did receive cover during her undercover assignment.  The jury did not make a special finding as to the exact nature and extent of the intentional discrimination it found, nor did the jury make a distinction between damages for out-of-pocket expenses and other elements of compensatory damages.  The Court concludes that a reasonable, fair-minded objective jury could

3

have concluded from the evidence that $5,000.00 would fairly compensate Plaintiff for her damages.

Plaintiff contends, however, that the jury's "inadequate award makes a mockery of federal employment discrimination laws." In support of this argument, Plaintiff cites two cases, neither of which applies here. First, Plaintiff cites *Jenson v. Eveleth Taconite Co.*, 130 F.3d 1287, 1304 (8th Cir. 1997), in which the Eighth Circuit ordered a new trial on damages where a Special Master, not a jury, awarded inadequate damages to victims of systemic sex discrimination. Significantly, the Eighth Circuit found fault with the damages award because the Special Master did not apply proper principles of causation to the plaintiffs' claims of emotional harm and because the Special Master inappropriately excluded the plaintiffs' expert witnesses on causation. *Id.* at 1295, 1299 (noting that "there is little doubt that exclusion [of the expert witnesses] could appreciably affect the damages awarded to the plaintiff class"). Second, Plaintiff cites another non-jury case, *Johnson v. Hale*, 13 F.3d 1351 (9th Cir. 1994), in which the Ninth Circuit ordered a district court to increase the amount of damages it awarded to each plaintiff for housing discrimination from a *de minimis* award of $125 to at least $3,500. The Ninth Circuit noted that there was undisputed direct evidence that the defendant refused to show an apartment to the plaintiffs because of their race. *Id.* at 1352 & n.1. The Ninth Circuit also found that plaintiffs offered "detailed and

4

substantial testimony to support their claims that they suffered emotional distress as a result of the [defendant's] discriminatory acts and that [the defendant] *offered no evidence to rebut this testimony.*" *Id.* at 1353 (internal quotation marks omitted) (emphasis added).

Here, the Court instructed the jury that in considering the issue of Plaintiff's damages, the jury should "assess the amount [it] find[s] to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less." (Jury Charge No. 9.) The Court further instructed the jury that it could consider the following elements of compensatory damages: "(a) Monetary loss, if any, of personal funds that the Plaintiff spent in furtherance of her official undercover assignments; [and] (b) Emotional pain and mental anguish[.]" (*Id.*) The Court concludes that the jury's award is supported by the evidence as adequate to compensate Plaintiff for her damages and therefore declines to disturb the jury's verdict.

As to Plaintiff's request for additur, the Court may not increase the amount of the jury's award where, as here, the amount of damages is in dispute. *Hawkes v. Ayers*, 537 F.2d 836, 837 (5th Cir. 1976) (per curiam) (citing *Dimick v. Schiedt*, 293 U.S. 474, 486-88 (1935)).[1]

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

IT IS SO ORDERED, this 7th day of October , 2008.

                                             S/Clay D. Land
                                              CLAY D. LAND
                                     UNITED STATES DISTRICT JUDGE